RECEIVED
NOV - 7 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERNEST D'WAYNE DERRYBERRY (#117394) | DOCKET NO. 1:14-CV-1817; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN, AVOYELLES CORRECTIONAL CENTER | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Ernest Derryberry filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 24, 2014. [Doc. #1] Derryberry is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Petitioner challenges his 2011 adjudication as a habitual offender, and the forty-two year sentence imposed.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Procedural History*

The factual background and procedural history, as set forth by the Louisiana Third Circuit Court of Appeals is as follows:

> In 1987, Defendant, Ernest D'Wayne Derryberry, who had been charged with second degree murder, pled guilty to manslaughter, a violation of La.R.S. 14:31, pursuant to a plea agreement, and was subsequently sentenced to forty-two years imprisonment at hard labor. This court vacated the sentence on November 3, 2006, and remanded for further proceedings in *State v. Derryberry*, an unpublished writ bearing docket number 06-1063 (La.App. 3 Cir. 11/3/06). FN1 The basis of this court's decision

was that at the time the crime was committed the maximum sentence for manslaughter was twenty-one years. Defendant was sentenced as a multiple offender. This court found that Defendant had not been properly advised of his rights as a habitual offender, and that no habitual offender adjudication was ever held.

> FN1. Hereinafter this case will be referred to as Derryberry I.

On March 12, 2007, after remand, the State filed an amended habitual offender bill alleging that Defendant was a fourth felony offender. On May 6, 2011, Defendant was adjudicated a third felony offender via written order based on pleadings filed by Defendant and the State. He was sentenced on December 1, 2011, to forty-two years imprisonment at hard labor with credit for time served.

Defendant filed a Motion to Reconsider the Sentence on December 27, 2011. The motion was denied on January 9, 2012. Defendant now appeals the habitual offender adjudication and the sentence. For reasons which follow, this court affirms Defendant's habitual offender adjudication and sentence.

Defendant was originally charged with second degree murder of his step-brother, Errol Randy Fossett, outside a bus station in Pineville, Louisiana, on November 18, 1984, the day after Defendant killed his step-father in Texas. Defendant was taken into custody on November 19, 1984, and charged with second degree murder on January 3, 1985. Defendant was adjudicated incapable of proceeding to trial following a sanity commission hearing, and, on August 8, 1985, he was sent to the East Feliciana Forensic Facility. He was returned to Rapides Parish in June 1986 and was deemed able to proceed to trial.

On February 9, 1987, Defendant pled guilty to the reduced charge of manslaughter pursuant to a plea agreement, during which Defendant was informed that the State intended to file a habitual offender bill. On March 17, 1987, the State filed a habitual offender bill alleging Defendant was a second felony offender. The bill alleged that Defendant was convicted on December 8, 1980, of possession of marijuana with the intent to distribute. No habitual offender hearing was ever held.

On May 4, 1987, Defendant was then erroneously sentenced

2

on the conviction of manslaughter to forty-two years imprisonment at hard labor. At the time of the offense in 1984, manslaughter was punishable by no more than twenty-one years imprisonment.

In August 2006, Defendant filed a writ application alleging the habitual offender adjudication was defective; therefore, the sentence was illegal. On November 3, 2006, in Derryberry I, this court vacated the sentence and remanded the matter to the trial court, as follows:

> WRIT GRANTED AND MADE PEREMPTORY: The record before this court does not indicate the trial court adjudicated Relator a habitual offender, that a habitual offender hearing was held, that the State presented any evidence to prove the allegation in habitual offender bill, or that Relator admitted to being a habitual offender. Consequently, the sentence imposed by the trial court was well beyond that authorized by La.R.S. 14:31 and is illegal. See La.Code Crim.P. art. 882, La.R.S. 14:31, *State v. Nguyen*, 04-321 (La.App. 5 Cir. 9/28/04), 888 So.2d 900, *writ denied*, 05-220 (La.4/29/05), 901 So.2d 1064. Accordingly, Relator's sentence is vacated[,] and the matter is remanded to the trial court for further proceedings consistent with this opinion.

On March 12, 2007, the State filed an amended habitual offender bill which alleged Defendant was a fourth felony offender and asserted that he was subject to life imprisonment pursuant to La.R.S. 15:529.1.

On December 1, 2011, five years and one month after the amended habitual offender bill of information was filed, Defendant was sentenced to forty-two years imprisonment at hard labor for the crime of manslaughter as a third felony offender.

<u>State v. Derryberry</u>, 2013 WL 455181, 2012-788 (La.App. 3 Cir. 2/6/13)(emphasis added).

On December 20, 2011, Petitioner mailed a "Motion for

Reconsideration of Sentence" to the district court, which was filed in to the record on December 27, 2011. [Doc. #14, p.3] On January 3, 2012, the motion was denied as untimely. Petitioner re-applied to the district court for reconsideration of sentence; and, this time, the motion was granted. On January 17, 2012, Petitioner filed a "Notice of Appeal and Designation of Record," and was transferred to another facility shortly thereafter. In August 2012, Petitioner filed a "Motion to Obtain the Record and Extension of Briefing Delay to Perfect Appeal." [Doc. #14, p.5] The Motion was granted by the appellate court, and Petitioner was granted an extension of time to file his appellate brief.

On September 7, 2012, Petitioner mailed a copy of his brief to the Third Circuit, and he submitted a supplemental brief on September 25, 2012. On February 6, 2013, the Third Circuit Court of Appeal denied Petitioner's appeal. On March 8, 2013, Petitioner mailed a writ application to the Louisiana Supreme Court. On November 1, 2013, the Louisiana Supreme Court denied writs. Petitioner did not seek post-conviction relief. He filed the instant habeas petition on June 24, 2014.

### Law and Analysis

This court is able to resolve the merits of this habeas corpus petition without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner and the State court records provide the

4

required and adequate factual basis necessary to the resolution of the habeas corpus petition. See Mova v. Estelle, 696 F.2d 329, 323-33 (5th Cir. 1983); Easter v. Estelle, 609 F.2d. 756, 761 (5th Cir. 1980); Habeas Corpus Rule 8(a).

Before reaching the merits of a habeas claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court; whether the petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1); and, whether any of the claims raised are subject to the procedural default doctrine. Based on the procedural history outlined above, it appears that the instant Petition for Writ of Habeas Corpus is timely.

### *Exhaustion & Procedural Default*

Petitioner is in custody pursuant to the judgment of a Louisiana court. Accordingly, the provisions of 28 U.S.C. §2254 apply. That statute provides, as relevant to this proceeding:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State....

28 U.S.C. § 2254.

The exhaustion doctrine set forth in §2254 requires that the state courts be given the initial opportunity to address and, if

necessary, correct alleged deprivations of federal constitutional rights in state cases. Castille v. Peoples, 489 U.S. 346, 349 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal habeas petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997), cert. denied, 523 U.S. 1139 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. Picard v. Connor, 404 U.S. 270, 276 (1971). In addition, a federal habeas petitioner must fairly present his constitutional claim to the highest state court. See Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied, 460 U.S. 1056 (1983).

Petitioner raises constitutional issues in his petition before

this Court. However, on direct appeal, he did not present any federal constitutional claims; he only alleged violations of state law. A federal claim is not exhausted in state court unless the petitioner "fairly presented" the claim to the state courts. See Picard v. Connor, 404 U.S. 270, 275 (1971). Only if the state courts have had the first opportunity to hear the claim does it make sense to speak of the exhaustion of state remedies. See id. Petitioner did not need to cite chapter and verse of the U.S. Constitution, but he must at least have put the state court on notice that claims of constitutional proportion were being raised, so as to provide the state court an opportunity to remedy the alleged constitutional defect. Petitioner did not argue on appeal that the alleged errors implicated his rights under the federal constitution. Although the arguments presented on appeal and in the federal habeas petition are similar, the appellate claims did not put the sate court on notice that constitutional claims were being raised.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed without prejudice, allowing the petitioner to return to the state forum to present his unexhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982). Although petitioner could file a timely application for state post-conviction relief, such application would be futile under State ex rel. Melinie, 665 So.2d 1172 (La. 1996) and State v.

Cotton, 09-2397 (La. 10/15/10), 45 So.3d 1030.  In Melinie, the Louisiana Supreme Court, relying on Louisiana Code of Criminal Procedure article 930.3, ruled that claims of <u>excessive sentence or errors in sentencing</u>, which should be raised on direct appeal, were not proper grounds for post-conviction relief.  In Cotton, the Louisiana Supreme Court held that a habitual offender adjudication constitutes a "sentencing" for purposes of Melinie and La.C.Cr.P. art. 930.3.  Thus, there could be no post-conviction consideration of claims arising out of the habitual offender proceedings.  See Cotton, 45 So.3d at 1031.  Therefore, if the instant petition was dismissed without prejudice so that Petitioner could seek post-conviction relief, the post-conviction application would be dismissed under Cotton and Melinie.

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, Coleman v. Thompson, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,' " then the claim is procedurally defaulted. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting Coleman, 501 U.S. at 735 n. 1, 111

S.Ct. 2546, 115 L.Ed.2d 640). Such is the case presently before the Court. Because Petitioner's claims are procedurally defaulted, federal habeas review of the claims is, generally, barred.

### *Cause and Prejudice*

Federal habeas review is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. See Lott V. Hargett, 80 F.3d 161, 164 (5th Cir.1996).

To show cause, Petitioner must demonstrate that some outside factor prevented his efforts to comply with a state procedural rule. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner articulates no such argument for cause, nor has he alleged prejudice. Petitioner was originally charged with second degree murder, for which he faced life in prison. He entered a plea bargain whereby he would plead guilty to manslaughter, thereby avoiding life imprisonment, but he would be billed as a habitual offender, which would result in a sentence greater than the twenty-one year statutory sentence for manslaughter. See State v. Derryberry, 2013 WL 455181 (La.App. 3rd Cir. 2013). Because Derryberry had not been properly advised of his rights as a

9

habitual offender, and because no habitual offender adjudication was ever held, the original forty-two year sentence was vacated and the case was remanded. On remand, Petitioner was adjudicated a third felony offender and, again, sentenced to forty-two years. Thus, Petitioner ultimately received the same sentence that was bargained for when he was charged with second-degree murder but pled guilty to manslaughter. That forty-two year sentence was ultimately affirmed on direct review. Id., writ denied, 124 So.3d 1107, 2013-0553 (La. 11/1/13) (La. Nov 01, 2013) (NO. 2013-KO-0553). Because Petitioner received the bargained-for sentence, he cannot show prejudice.

Thus, for the forgoing reasons, **IT IS RECOMMENDED** that this petition for *writ of habeas corpus* be **DENIED and DISMISSED with prejudice.**

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes

his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 7th day of November, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

11